(No. 34775.—

Joseph A. Conway *et al.,* Appellees, *vs.* Esther Marie Conway, Appellant.

*Opinion filed September 18, 1958.*

CLAIRE T. DRISCOLL, of Chicago, for appellant.

POSANSKI, JOHANNSEN, KROHN & JACOBS, of Chicago, (ROMAN E. POSANSKI, and HOMER V. JOHANNSEN, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Raymond Alfred Conway died on December 18, 1955, leaving his widow and children surviving him. An instru-

ment purporting to be his will named his wife as executrix and sole beneficiary. It was presented to the probate court of Cook County where, upon a hearing, it was held to be duly proved and admitted to probate. Thereafter the children brought suit to contest the will in the superior court of Cook County. The issues were submitted to a jury, which found in favor of the plaintiffs, and a decree was entered adjudging the instrument not to be the will of Raymond Alfred Conway. Its probate was set aside and declared null and void. Defendant appeals. Since the testator died seized of real estate disposed of by the will, a freehold is involved and the appeal is prosecuted directly to this court.

The principal question is whether the plaintiff's evidence affirmatively shows the will was signed and attested as required by law, and whether defendant's motion for a directed verdict should have been granted accordingly. It is not disputed that issues of undue influence and other grounds alleged in the complaint have been removed from the case, and that the sole issue on the evidence is whether it supports the finding that the will was not executed in conformity with the requirements of law.

The instrument purports to have been executed on December 14, 1949, and to have been attested on the same date. The testamentary and attestation clauses, with signatures appended, read as follows:

"In Witness Whereof, I have hereunto set my hand and seal to this my Last Will and Testament, consisting of two typewritten pages, this page included, this 14th day of December, A.D. 1949, at Chicago, Cook County, Illinois.

Seal   Raymond A. Conway
       Raymond Alfred Conway

The foregoing instrument was at the date thereof subscribed by the Testator, Raymond Alfred Conway, in our presence and was at the same time declared by him to be his Last Will and Testament, and we at the same time, in his presence, at his request and in the presence of each other have hereunto subscribed our

names, as attesting witnesses and we do hereby certify that at the time of the execution of said Will, the said Raymond Alfred Conway was of sound and disposing mind, memory and understanding.

Witness   W. M. Logue
Address   11046 Hale Ave., Chicago 43, Ill.
Witness   Mrs. W. M. Logue
Address   11046 Hale Ave., Chicago 43, Ill."

The attesting witnesses, Mr. and Mrs. William M. Logue, reside in Omaha, Nebraska; and in the probate court proceedings gave their testimony by deposition. Except as to the date on which the will was executed and witnessed—which they testified was December 13 instead of December 14—their answers to the interrogatories propounded by the commissioner show the instrument to have been executed by the testator and attested by them in accordance with the essentials recited in the attestation clause. In the present suit the attesting witnesses gave evidence by way of deposition on behalf of the plaintiffs. From their testimony it appears that the will was witnessed in a suburban railroad station, where the witnesses were employed. Mr. Logue was the ticket and freight agent, and his wife assisted him in his work. They were acquainted with the testator, having known him for about eight years.

Mr. Logue identified his own signature and testified that on December 13, 1949, he was sitting in his depot office when the testator came in and seated himself at the side of the desk. He pulled the paper in question out of his pocket, held it on the desk and requested Mr. Logue to witness his signature thereon. The instrument was folded about three times, so that the witness could not see any part of it except the space on which four blank lines appeared for the names and addresses of witnesses. Neither the testator's signature nor any other writing was visible, and the testator held the paper in his hand on the desk while the witness affixed his signature. In addition, Mr. Logue affixed below his signature the railroad ticket stamp bearing the date December 13, 1949. He testified further that

after he signed the paper the testator put it back into his pocket, and that no person was present other than the testator and himself.

After identifying her signature Mrs. Logue testified that on December 14, 1949, the testator came up to the ticket window where she was working and said he would like to have her witness his signature on a document. He came inside the ticket office, stood beside her and placed the document, which was rolled up, on the counter beside the wicket. She then affixed her signature as a witness, in compliance with the testator's request. After the testator's death the instrument was found in his safety deposit box.

Section 43 of the Probate Act (Ill. Rev. Stat. 1957, chap. 3, par. 194) requires that "Every will by which any real or personal estate is devised or bequeathed shall be reduced to writing, shall be signed by the testator or by some person in his presence and by his direction, and shall be attested in the presence of the testator by two or more credible witnesses." In the case at bar the purported will is in proper form and contains an attestation clause reciting that it was subscribed by the testator in the presence of the witnesses and thereupon declared by him to be his last will and testament; and that at the same time, in his presence, at his request, and in the presence of each other, the witnesses subscribed their names as attesting witnesses. The signatures of the testator and the attesting witnesses are admittedly genuine, but it appears from the testimony of Mr. and Mrs. Logue that they did not see him sign. Appellees contend the decree is justified because the will was not properly acknowledged. In support of this contention it is argued that the will is dated December 14, 1949, whereas the evidence shows Mr. Logue signed as witness on December 13; and that since a will is presumed to be executed on the day of its date it must be concluded the testator had not executed it at the time Mr. Logue signed

as witness. The law is clear that where a will has apparently been executed in due form, and the signatures of the testator and the attesting witnesses are admitted to be genuine, no presumption will be indulged to destroy the validity of the instrument but every reasonable presumption will be indulged in favor of its due execution and attestation. (*Thompson* v. *Karme*, 268 Ill. 168.) In this case the attesting witnesses stated that they did not see the signature of the testator thereon at the times they signed their names to the instrument. There is no direct proof, however, that the testator's signature was not upon the instrument at such times. The witnesses testified merely that it was rolled up or folded so that they did not see the first page. It is not denied that the signatures on the present instrument are genuine; that the testator sought out Mr. and Mrs. Logue and asked them to act as witnesses; that the attestation clause assumes the document had already been signed; and that the instrument was found in the testator's safety deposit box, where valuable private papers are customarily kept. Under such facts and circumstances, and where it appears that the subscribing witnesses signed the attestation clause in the testator's presence, a *prima facie* case is made in favor of the due execution of the will, and this *prima facie* case is not necessarily overcome by the testimony of subscribing witnesses that they failed to notice whether the will was signed or that some of the requisites of due execution were omitted. *Gould* v. *Chicago Theological Seminary*, 189 Ill. 282.

The probate of a will cannot be made to depend upon the recollection or veracity of subscribing witnesses, for if it were necessary for them to remember and testify to the fact that all the prescribed formalities were in fact complied with very few wills could be upheld. The law wisely requires such instruments to be executed and attested with precautions which will usually guard against fraud, and if the attestation clause shows on its face that all the

forms required by law have been met, and the signatures on the instrument are admittedly genuine, the presumption of due execution must prevail unless clear and affirmative proof shows the contrary. If it is merely doubtful from the evidence whether the requirements have been complied with, the presumption arising from the attestation clause is not overcome.

In *Valentine v. Second Baptist Church,* 293 Ill. 71, the two subscribing witnesses positively testified that the testatrix's name was not signed to the will when they witnessed it for her. It was nevertheless held that in the light of the testatrix's acknowledgment of the instrument as her will in the presence of the witnesses, together with other evidence of execution prior to the appearance of the witnesses, the most reasonable conclusion was that the will was signed when witnessed. In *Thompson v. Karme,* 268 Ill. 168, it appeared from the testimony of the subscribing witnesses that they signed on the day preceding the one recited in the testamentary and attestation clauses; and it was contended, as here, that the instrument was therefore not executed at the time it was attested by the witnesses. In rejecting the contention this court said it does not necessarily follow from the appearance of a particular date in such clauses that the testator executed the will on that date and not on the day before; and under the facts of the case it was fair to presume that the date thus recited in the testamentary clause was an erroneous one. In the case at bar we think that under the facts and circumstances shown, the mere testimony of Mr. Logue that he signed on December 13, whereas the date recited in the testamentary clause was December 14, is insufficient to overcome the presumption that the will was signed at the time the testator requested him to act as witness.

Appellees urge that there was no proper attestation by the witnesses because the testator's signature was hidden from them, and that one cannot attest to a concealed in-

strument. We cannot accept the argument. The rules of law applicable in determining the sufficiency of an attestation have often been stated by this court. The statutory requirements governing the due execution of a will are mandatory, and courts are not authorized to dispense with any of the formalities prescribed by the legislature. No other method of execution will suffice, even though in the opinion of the court it would be just as effective as that provided by the statute. (*In re Will of Lagow,* 391 Ill. 72.) Accordingly, the attestation required by the statute presupposes that the will must be signed by the testator. There can be no valid attestation unless the will has in fact been signed by him, except where the several acts of signing take place upon the same occasion and as parts of the same transaction. (See *Brelie* v. *Wilkie,* 373 Ill. 409.) But it is not indispensable to a proper attestation that the testator sign in the presence of the witnesses; nor is it essential that the witnesses see the signature of the testator upon the face of the will, or even that they know the instrument they are witnessing to be a will. The statutory requirement is satisfied if the testator acknowledges the execution of the will. *Bronson* v. *Martin,* 384 Ill. 129; *Brelie* v. *Wilkie,* 373 Ill. 409.

In making such acknowledgment it is not necessary that the testator call the instrument a will, or that he utter some verbal declaration. Any act, sign or gesture will suffice which indicates an acknowledgment of the instrument with unmistakable certainty. It is enough if the testator acknowledges to the witnesses, either by words or acts, that the instrument in question is his act and deed. (*In re Will of Barry,* 219 Ill. 391.) We think the conduct of the testator in the case at bar, in producing the instrument before two persons and asking them to sign it as witness, sufficiently shows an acknowledgment that it was his act and deed. The instrument was in his control and custody both before

and after the witnesses signed, he pointed out the proper places for their signatures, and the will was later found in his safety deposit box. The undisputed facts and circumstances shown in this case require the conclusion that the instrument was duly attested.

The present record thus presents a will on the face of which no defect appears, and on which the signatures of the testator and the subscribing witnesses are admittedly genuine. The testimony of the subscribing witnesses seeking to impeach the will is contradicted not only by recitals in the attestation clause but by their own depositions in the probate court. Their testimony in the present proceedings reveals some partiality toward the plaintiffs and a dissatisfaction with the contents of the present will. Moreover, they testified not that the will was unsigned at the time they attested it but merely that it was placed before them in such a manner that they could not see whether or not it was signed. From all the facts and circumstances in this record, and the presumptions arising therefrom, we conclude that the present will was signed by the testator at the time the attesting witnesses subscribed their names thereto, and that the will was properly executed and attested.

The plaintiffs argue that it is the jury's duty to resolve conflicts in the evidence; and that on review of an order denying defendant's motion for judgment notwithstanding the verdict, the question is whether there is any evidence in the record tending to prove the essential elements of the complaint. While such is the rule in will contests as well as in other proceedings at law (*Creager* v. *Weimer,* 13 Ill.2d 217,) we think that in this case there is nothing in the testimony on plaintiffs' behalf to justify a finding that the will was not properly signed and attested. Moreover, the rule whereby great weight is attached to the findings below does not have the same force in a case such as the present one, where the evidence relied upon is in the form

of depositions, as it does in a case where the jury sees and hears the witnesses and has the opportunity to observe their demeanor while testifying.

Since the evidence is insufficient to sustain the decree, it becomes unnecessary to consider defendant's contentions that other error was committed in the course of the trial. The court should have granted defendant's motion for a directed verdict at the close of the plaintiffs' case. The decree finding the instrument not to be testator's will and setting aside its probate, is accordingly reversed, and the cause is remanded, with directions to allow the defendant's post-trial motion for judgment notwithstanding the verdict.

*Reversed and remanded, with directions.*