*In re* ESTATE OF FRED DOUGLAS THOMAS, Deceased—Petition of LAURA LANDRY that the Will of Said Decedent Be Admitted to Probate and That Letters Testamentary Issue—(LA SALLE TYLER *et al.,* Respondents-Appellants, *v.* LAURA LANDRY, Petitioner-Appellee.)

(No. 55533;

First District—May 25, 1972.

McCoy, Ming & Black, of Chicago, (Fleetwood M. McCoy and Walter K. Black, of counsel,) for appellants.

Fred Elliott, of Chicago, (John Narusis, Jr., of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Fred Douglas Thomas died on May 30, 1970. A document, dated May 5, 1955, was presented for probate as Thomas' last will and testament on the petition of one of the devisees. The will was admitted to probate, and respondents, one of whom was a cousin of the decendent, prosecute this appeal challenging the due execution of the will.

The document presented by petitioner was signed by the testator and the signatures of Arthur Tutwiler, Ellis C. Reed, D.D.S., and Doris Branch, appear below an attestation clause as subscribing witnesses. Tutwiler testified as to his signature. Secondary evidence as to the genuineness of the signature of Dr. Reed was offered by his widow. An affidavit was filed with the court to the effect that a diligent, but unavailing search had been made to determine the whereabouts of the third witness, Doris Branch.

It is the testimony of Arthur Tutwiler which respondents claim contradicted the recitals of the attestation clause and overcame petitioner's proof that the will was duly executed. Tutwiler testified that Fred Thomas, whom he knew, approached him while he was waiting in the reception area of a dentist's office and asked him to witness his will. The witness agreed to sign the will and told Thomas that he would come to the lawyer's office after his dental work was completed. After having a tooth extracted, the witness went to the office of Mr. Elliot, the attorney who prepared the will for the testator, and signed the will. Tutwiler testified that he left immediately afterwards because he was in pain.

The witness stated that he could not recall signing the will very clearly since fifteen years had elapsed since the execution of the will. He stated

positively that Thomas' signature was already on the will when he signed and that he was the first witness to sign the will. In response to a question Tutwiler testified that no one was present in the room when he signed the will except Thomas and the attorney. On cross-examination, however, Tutwiler stated that he did not see Thomas at the time he witnessed the will. In response to questioning by the court, the witness explained that he could not remember whether or not Thomas was present since his entire recollection of signing the will was vague. He did state that he believed the testator to be of sound mind and memory at the time the will was executed. Acknowledging the contradictory nature of Tutwiler's testimony, the court admitted the will to probate, basing its ruling on the presumption against intestacy and the presence of an attestation clause.

Respondents urge on review that the court erred in admitting the will to probate, arguing that Tutwiler's testimony affirmatively showed that the testator was not present when the witness signed, contrary to the mandates of the Probate Act. (Ill. Rev. Stat. 1969, ch. 3, par. 43.) We do not agree.

■■ In a proceeding to have a will admitted to probate, the proponent of the will has the burden of proving the valid execution of the will. (*In re Estate of Willavize*, 21 Ill.2d 40, 171 N.E.2d 21.) However, it is not the duty of the proponent to show that the will is valid in all respects; it is his duty only to prove the essential elements included in the statute. (*In re Estate of Lewicki*, 282 Ill.App. 192; *Ruffing v. Glissendorf*, 41 Ill.2d 412, 243 N.E.2d 236.) The court will indulge every reasonable presumption in favor of the execution and attestation of a will in order to uphold the validity of an apparently properly executed instrument. (*In re Estate of Hart*, 79 Ill.App.2d 134, 223 N.E.2d 466.) Thus, where a will was apparently executed in due form, it will be presumed that the attesting witness duly attested the will in the testator's presence and that the formal requirements of execution and attestation were complied with. *Glos v. Schildbach*, 344 Ill. 23, 176 N.E. 65.

■■ If the instrument contains an attestation clause which shows on its face that all of the formalities required by law have been met, and the signatures on the instrument are admittedly genuine, a *prima facie* case has been made in favor of due execution of the will. (*Estate of Koss*, 84 Ill.App.2d 59, 228 N.E.2d 510.) This *prima facie* case is not, however, conclusive, for it cannot prevail over the positive testimony of the subscribing witnesses that one of the requirements of the statute was not met. (*In re Estate of Balicki*, 408 Ill. 84, 96 N.E.2d 516.) If, on the other hand, it is merely doubtful from the evidence whether the requirements have

been complied with, the presumption arising from the attestation clause is not overcome. *Conway v. Conway,* 14 Ill.2d 461, 153 N.E.2d 11.

■■ In the instant case, the attestation clause recited that all of the formal requirements for the valid execution of a will were complied with. Tutwiler identified the signature of Thomas, his own signature and secondary evidence was admitted to show the genuineness of Dr. Reed's signature, so it appears that no question was raised concerning the genuineness of the signatures of the testator and the witnesses. Petitioner, the proponent of the will, therefore, established a *prima facie* case for the admission of the will to probate. *Brelie v. Wilkie,* 373 Ill. 409, 26 N.E.2d 475.

■■ The question before us, then, is whether the contradictory testimony of Tutwiler overcame the *prima facie* case. In *Conway v. Conway,* 14 Ill.2d 461, 153 N.E.2d 11, the court was faced with a similar issue. There, the subscribing witnesses testified that the will was folded in such a manner that the signature of the testator was not visible. The court found that the *prima facie* case was not overcome by the testimony of the subscribing witnesses that they failed to notice whether the will was signed. The court went on to state that if the probate of a will was made to depend upon the recollection of subscribing witnesses, very few wills could be upheld. And *In re Estate of Velie v. Valdes,* 25 Ill.2d 188, 193, 183 N.E.2d 515, the court noted, "[i]t is axiomatic that the testimony of attesting witnesses who seek to impeach the validity of a will is to be subjected to careful scrutiny." Tutwiler's testimony concerning whether or not the testator was present when the witness signed the will was not affirmative, but rather was contradictory, vague and lacking in conviction. We therefore find that the trial court justifiably rejected it in favor of the recitals of the attestation clause.

For the foregoing reasons, the will was properly admitted to probate.

Order affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.