*In re* ESTATE OF HOWARD L. ZINGRAF, Deceased.—(CHARLES L. ZINGRAF, Ex'r of the Estate of Howard L. Zingraf, Petitioner-Appellant.)

First District (4th Division)    No. 76-1337

Opinion filed July 21, 1977.

Arnold and Kadjan, of Chicago (Daniel N. Kadjan, of counsel), for appellant.

Karr and Leonard, Ltd., of Chicago (Terrence E. Leonard, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

On April 5, 1976, petitioner, Charles L. Zingraf, filed a petition for probate of two documents, the last will of Howard L. Zingraf, dated June 12, 1970, and a codicil to the will dated January 15, 1971. Charles Zingraf,

the executor, is a son of the testator. He and his wife, Anne, are also legatees under the will. Following an evidentiary hearing on May 13, 1976, the will, but not the codicil, was admitted to probate. Charles L. Zingraf contends that the codicil should also have been admitted to probate. No issue is raised with respect to the admission of the will to probate.

The attestation clause of the codicil read:

> "The above and foregoing Codicil to the Last Will and Testament, was, on the day of its date, duly signed, sealed and published by the said testator and by him declared to us to be his Codicil to his Last Will and Testament, in our presence and in the presence of each of us.
>
> In Witness Whereof, we, at his request, in his presence and in the presence of each other, have hereunto subscribed our names as attesting witnesses, this 15th day of January, 1971."

At the hearing, the two subscribing witnesses, Emily Rothe and Paul R. Rothe, Jr., identified their signatures on the instrument. Emily Rothe testified she signed the document as a witness at the request of Charles and Anne Zingraf. Emily Rothe first testified, in accordance with the attestation clause, that she saw the testator sign his name and that he saw her sign her name, but she then stated that the testator was not present when she signed, although Charles and Anne Zingraf were present when she signed. Upon further questioning by the court, she confirmed that she did not see the testator sign the document. Rather, Charles Zingraf asked her to sign in the presence of her husband, Paul, on May 15, 1971.

Paul R. Rothe, Jr., testified he, too, signed the codicil at the request of Charles Zingraf. He first testified his memory was hazy, and he could not remember whether the testator was there and whether the testator signed his name. He then testified he was present and saw the testator sign the codicil. Upon further questioning by the court, this witness made no response when asked to relate who else was present. When the court asked him to relate the circumstances, the witness said, "I can remember Anne and Charlie bringing the will over and we signed it. My memory is hazy." The court then denied the codicil admission to probate.

The executor subsequently filed a written motion to vacate this order. The motion set forth the claim that the witnesses had the opportunity to refresh their recollection and now recalled that the testator did sign the codicil in their presence and that they signed in his presence, as set forth in the attestation clause. After this motion was denied, the executor filed a written motion to reconsider, based on the same grounds, but supported by affidavits. Emily Rothe's affidavit stated she was confused at the prior hearing, but now clearly recalled that she and her husband signed the codicil at Wesley Memorial Hospital in the presence of the testator who

also signed. Anne Zingraf's affidavit stated she maintained a diary and had recorded that Emily and Paul Rothe signed the codicil on January 15, 1971. A photostat of her diary was also attached. Charles L. Zingraf's affidavit stated that he was present when his father executed the codicil, that his wife, Anne Zingraf, Paul R. Rothe, and Emily R. Rothe were also present, and that both the testator and the witnesses signed in his presence.

In urging reversal, the executor first contends that the evidence at the hearing was sufficient for admission of the codicil to probate. Section 69 of the Probate Act, which governs the admissibility of a will or a codicil to probate, provides in relevant part:

"When each of 2 attesting witnesses to a will testifies before the court (a) that he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or that the testator acknowledged it to the witness as his act, (b) that the will was attested by the witness in the presence of the testator, and (c) that he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will." Ill. Rev. Stat. 1975, ch. 3, par. 69.

■■ Recently, in *In re Estate of Jaeger* (1974), 16 Ill. App. 3d 872, 875, 307 N.E.2d 202, 204, the court said:

"If the instrument contains an attestation clause which shows on its face that all of the formalities required by law have been met, and the signatures on the instrument are admittedly genuine, a prima facie case has been made in favor of the due execution of the will. (*In re Estate of Koss*, 84 Ill. App. 2d 59, 228 N.E.2d 510.) This prima facie case is not, however, conclusive, for it cannot prevail over the positive testimony of the subscribing witness that one of the requirements of the statute was not met. *In re Estate of Balicki*, 408 Ill. 84, 96 N.E.2d 516; *Conway v. Conway*, 14 Ill. 2d 461, 153 N.E.2d 11; *In re Estate of Thomas*, 6 Ill. App. 3d 70, 284 N.E.2d 513." 16 Ill. App. 3d 872, 875, 307 N.E.2d 202, 204.

■■ In the case at bar, the aforesaid attestation clause satisfied several of the elements enumerated in the statute, but did not satisfy the third element, because it did not contain any statement of belief by the subscribing witnesses that they believed the testator was of sound mind and memory at the time. Moreover, the testimony of the two subscribing witnesses at the hearing did not establish any of the three elements enumerated in the statute. Emily Rothe's testimony clearly established

that she and her husband signed the codicil, not on January 15, 1971, but 4 months later, on May 15, 1971, at the request of Charles Zingraf and his wife, Anne, not at the request of the testator who was not present at that time. Paul Rothe's testimony was that his memory was "hazy." Although his testimony was internally inconsistent, the trial court apparently interpreted it as consistent with that of his wife, Emily. The trial court was in a superior position to determine the credibility of the witnesses. (*In re Estate of Wolfner* (1963), 27 Ill. 2d 221, 226, 188 N.E.2d 712, 715.) The positive testimony of the subscribing witnesses tended to establish that the codicil was not properly executed. Therefore, we cannot say that the finding of the trial court was against the manifest weight of the evidence, or that the court erred in refusing to admit the codicil to probate where there is nothing in the record that shows the court came to an erroneous conclusion. *In re Estate of Balicki* (1951), 408 Ill. 84, 89, 96 N.E.2d 516, 518.

The executor also contends that his post-trial motions and the affidavits filed in support of them overcame any objections to the admission of the codicil and, consequently, that the court erred in not granting a rehearing.

■■ The executor's post-trial motion was a request that the court review its findings, and was in the nature of a motion for a new trial under section 68.3 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 68.3; compare *In re Estate of Nowak* (1970), 130 Ill. App. 2d 573, 575, 264 N.E.2d 307, 309.) The affidavits presented to justify the new trial cannot be said to be newly discovered evidence. (See *People ex rel. Drury v. Catholic Home Bureau* (1966), 34 Ill. 2d 84, 97, 213 N.E.2d 507, 513-14.) One of the affiants, Emily Rothe, had testified at the original hearing. The trial court had already heard this witness testify and evaluated her credibility. The facts related by the other two affiants, the executor and his wife, if admissible at the hearing (see Ill. Rev. Stat. 1975, ch. 3, par. 44), could have been presented at the original hearing. Under these circumstances, the trial court did not err in denying the motions to vacate and for a rehearing. *Catholic Home Bureau*, 34 Ill. 2d 84, 97.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and LINN, J., concur.