In the Matter of the ESTATE OF
Vernon Leslie JOHNSON,
Deceased.

**Earl A. JOHNSON, Appellant,**

v.

**Frank BARTHOLET, Nettie Carter, Ira Johnson, Lois Walter, Sharon Johnson, Charles Napier Johnson and Carol Johnson, Appellees.**

No. 68621.

Supreme Court of Oklahoma.

July 5, 1989.

As Corrected July 11, 1989.

Rehearing Denied Oct. 10, 1989.

Leslie Brown, Jr., Muskogee, Okl., for appellant.

Bonds, Matthews, Bonds & Hayes by D.D. Hayes and Russell Ruby, Muskogee, Okl., for appellees.

## MEMORANDUM OPINION

LAVENDER, Justice:

The decedent, Vernon Leslie Johnson, died on July 19, 1984. On July 31, 1984 appellant, Earl A. Johnson filed a petition in district court seeking to have the will of Vernon Leslie Johnson admitted to probate. Three of the appellees, siblings of the deceased, filed a contest to the proffered will, alleging, among other grounds, that the will should not be admitted to probate because it was not executed in accordance with statutory requirements.[1] The remaining appellees later joined in the will contest.

An evidentiary hearing was held in the matter of the will contest. At this hearing the attorney who had prepared the will, both signatory witnesses and the notary all testified. The gist of the testimony established that one of the witnesses had not been in the presence of the deceased when he executed the will nor when she signed as a witness. The testimony also established an absence of communication between the deceased and this witness concerning the will.[2] On November 21, 1984

---

1. The formal requirements for the execution of the will in question are set forth at 84 O.S.1981 § 55.

2. 84 O.S.1981 § 55(2) requires:

    The subscription must be made in the presence of the attesting witnesses, or be acknowl-

the trial court entered an order denying admission of the will to probate, finding that it had not been executed in accordance with statutory requirements.

On January 18, 1985 a petition in error was filed by appellant attempting to challenge the order denying admission of the will to probate.[3] On April 29, 1985 this Court dismissed the attempted appeal for want of jurisdiction because the appeal had been filed more than thirty days after the date of the order sought to be reviewed.

Following the denial of admission to probate of the will proffered by appellant, the matter of the estate of the decedent proceeded in administration as though decedent had died intestate. Appellant continued to participate in the affairs of the estate administration.

Upon the entry of the trial court's order approving the final accounting and determining heirship and distribution of the estate the appellant filed the present appeal. The issues and errors alleged in the petition in error in the present appeal solely concerned the trial court's prior ruling denying the contested will's admission to probate. The Court of Appeals, Division II, to which this matter was initially assigned, dismissed the appeal, finding that the order denying admission of the contested will to probate could only be appealed within thirty days of the entry of that order. Appellant sought certiorari from this Court to review the Court of Appeals' ruling on the timeliness of his appeal. We have previously granted certiorari.

■ The Court of Appeals in this case, interpreting 58 O.S.1981 § 721, found that an order appealable under this provision, such as an order admitting or refusing to admit a will to probate, could only be appealed within thirty days of its rendition, and if not appealed such an order would

become unassailable. We disagree. The various orders for which § 721 provides appellate review are in the nature of interlocutory orders made in the course of the administration of an estate. Section 721 provides that an appeal *may* be taken from these various orders. It is provided at 12 O.S.1981, Ch. 15, App. 2, Rule 1.17(b) that:

Failure of a party to appeal from any interlocutory order that is appealable either under the provisions of 12 O.S.Supp. 1969 § 952 Subdivs. (b) 2 and 3, 12 O.S. Supp.1969 § 983, *58 O.S.Supp.1969 § 721* or 12 O.S.1961 § 1558 *shall not preclude it from asserting errors in that interlocutory order in an appeal taken from the final judgment or final order rendered in the case.* (emphasis added).

This rule was adopted to implement 12 O.S.1981 § 952(b)(3).

The ruling of this Court in dismissing the previous appeal was based only on the fact that the appeal was filed more than thirty days after the date of the interlocutory order which the appeal sought to challenge. In such circumstances the petition in error was ineffective to evoke this Court's jurisdiction as to the merits of the order appealed. The attempted appeal was a mere nullity. The Court of Appeals' finding that this ruling somehow constituted the law of the case as to the merits of the prior appeal is clearly erroneous. There is nothing in the course of this Court's prior decision regarding the attempted appeal which indicates that the question of the merits of the issues raised or the ultimate appealability of the ruling were necessarily presented or determined.[4] We therefore find that the present appeal properly presented the issue of the propriety of the trial court's ruling denying admission to probate of the contested will.

---

edged by the testator to them, to have been made by him or by his authority.

3. This appeal was docketed as case No. 63,681.

4. See *Mobbs v. City of Lehigh,* 655 P.2d 547 (Okla.1982); And see also *Hines v. Superior Court,* 435 P.2d 149, 151 (Okla.1967), where this Court stated:

A dismissal of an action on the sole ground that the court is without jurisdiction of the subject-matter of the suit is regarded as a conclusive determination only of the fact that the court lacks jurisdiction. It does not operate as an adjudication of the merits and will not bar relitigation in a proper forum of the same cause or claim or of any question material to its merits. (citations omitted).

■ Turning to the merits of appellant's appeal we are first presented with the argument that the witness and the notary in this case should not have been allowed to testify to facts contrary to those attested to on the face of the will. We find no merit in this argument. Title 84 O.S.1981 § 55(5) provides in pertinent part:

A self-proved testamentary instrument shall be admitted to probate without the testimony of . any subscribing witness, *unless contested,* but otherwise it shall be treated no differently than a will or codicil not self-proved. Furthermore, a self-proved testamentary instrument may be revoked or amended by a codicil in exactly the same fashion as a will or codicil not self-proved and such a testamentary instrument may be contested as a will not self-proved. (emphasis added).

Further, 58 O.S.1981 § 43, provides, in pertinent part:

If the will is contested, all the subscribing witnesses who are present in the county, and who are of sound mind, must be produced and examined; and the death, absence or insanity of any of them must be satisfactorily shown to the court. If none of the subscribing witnesses reside in the county, and are not present at the time appointed for proving the will, or although such witnesses reside in the county and are insane or incompetent, and such facts are first made to appear to the court, either in contested or noncontested will cases, the court may admit the testimony of other witnesses to prove the sanity of the testator and the execution of the will and, as evidence of the execution, it may admit proof of the handwriting of the testator and of the subscribing witnesses, or any of them. Provided that when the testimony of any nonresident witness or witnesses residing out of the county wherein any will is sought to be admitted to probate, may be desired, touching the execution of such will, either in contested or noncontested will cases, it shall be lawful for the party seeking to have such will admitted to probate, or resisting the same in the district court, to cause the deposition of such witness to be taken in like manner, as now is or hereafter may be provided in civil cases; and the court may, in its discretion, direct the original of such will to be attached to any commission issued in such case; and the deposition of any such witness taken, certified and returned, according to law, shall be of like force and effect as if his testimony had been heard in the court; ...

These statutory provisions clearly reflect an intent that, in the event of a will contest, the testimony of the subscribing witnesses is essential to prove the proper execution of the will. If such witnesses were precluded from testifying contrary to the recitations in the will it would be a vain act to have their testimony produced in the course of the contest. Appellant expresses concern about the question of perjury inherent in such a situation. This question, however, is one for determination by the finder of fact as a matter of weight to be given to the contradictory statements.[5]

■ Appellant's second argument is that the decision of the trial court denying admission to the contested will is against the weight of the evidence. We disagree. The testimony of the second witness was clear on the point that she had neither witnessed the will in the presence of the decedent nor had any communication with him concerning the will. This testimony was supported by the testimony of the attorney who drafted the will, the other subscribing witness on the will and the notary who had notarized the signatures. The trial court's conclusion that this testimony was sufficiently clear and convincing so as to overcome the declarations contained in the will is not against the weight of the evidence.[6]

Finally, we agree with the Court of Appeals when it stated:

Counsel for Contestants [appellees] propose that counsel for Petitioner [appellant] be sanctioned pursuant to 12

---

**5.** See *In re Estate of Thomas,* 6 Ill.App.3d 70, 284 N.E.2d 513 (1972); *Morris v. Estate of West,* 643 S.W.2d 204 (Tex.App.1982).

**6.** See *Hobbs v. Mahoney,* 478 P.2d 956 (Okla. 1970).

O.S.Supp.1987 § 2011, for having "asserted matters not only scandalous and indecent, but statements which are simply untruthful and without factual basis." While the brief for Petitioner may have been inartfully and imprecisely written, we do not find that the assertions made are so outside the bounds of zealous representation as to warrant the imposition of sanctions.

The opinion of the Court of Appeals, Division II, rendered in this matter is *VACATED*. The order of the trial court is *AFFIRMED*.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, SIMMS, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

DOOLIN, J., dissents.