HENRY L. CLAUSSENIUS

*v.*

MARIE CLAUSSENIUS *et al.*

*Opinion filed April 18, 1899—Rehearing denied June 8, 1899.*

1. WILLS—*giving undue weight to suspicions does not constitute an insane delusion.* That a testator may have given undue weight to suspicions against his children, which may have increased the bitter feelings which caused him to disinherit them, is not an insane delusion warranting the setting aside of the will.

2. SAME—*prior to 1897 probate of will was an ex parte proceeding.* Prior to the act of 1897 (Laws of 1897, p. 304,) the probate of a will was an *ex parte* proceeding, wherein the inquiry of the court was limited to the determination of the facts pertaining to the execution of the will specified in section 2 of the act entitled "Wills."

3. SAME—*appeal from judgment admitting a will to probate does not broaden the inquiry.* An appeal from a judgment admitting a will to probate does not broaden the inquiry so as to entitle a party to try questions of sanity and undue influence before a jury.

4. SAME—*party wishing to broaden probate inquiry must resort to bill in equity.* One having the requisite interest in an *ex parte* proceeding admitting a will to probate who desires to broaden the inquiry and try the questions of mental capacity and undue influence before a jury must file a bill in equity.

5. SAME—*when appeal from probate proceeding is deemed abandoned.* The action of parties to an appeal from an *ex parte* proceeding admitting a will to probate in answering a bill in equity, which raises the questions involved in the appeal and others which broaden the inquiry, and in submitting their issues to the chancellor for decision, is an abandonment of the appeal, and the complainant cannot, upon learning the decision will be adverse to him, urge the pendency of the appeal as an objection to the entry of the decree.

6. SAME—*jury trial may be waived on bill to contest will.* It is competent for the parties to a proceeding in equity to contest a will to waive a trial by jury.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

RICHARD PRENDERGAST, WILLIAM VOCKE, and JOHN REID McFEE, for appellant:

The court was without jurisdiction to determine this cause, and its decree is *coram non judice* and void, for the

reason that there was pending an appeal from the order of the Cook probate court admitting the will to probate.

Probate is preliminary to a contest, and where probate is denied no contest can be had. It is unquestioned that there was no jurisdiction in the trial court to hear this bill under its general chancery powers. Its jurisdiction is derived exclusively from the statute. *Luther* v. *Luther*, 122 Ill. 558; *In re will of Ingalls*, 148 id. 287; *Myatt* v. *Walker*, 44 id. 485; *Sinnet* v. *Bowman*, 151 id. 146; *Brown* v. *Miner*, 128 id. 148; *Wheeler* v. *Wheeler*, 134 id. 522; *Meeker* v. *Meeker*, 75 id. 260.

The perfection of an appeal from the order of the probate court acts as a *supersedeas* of its order admitting the will to probate, and vests the exclusive jurisdiction to hear, on a trial *de novo*, the question of admitting the will in question to probate. *Ambrose* v. *Weed*, 11 Ill. 488; *Rigg* v. *Wilton*, 13 id. 15; *Tate* v. *Tate*, 89 id. 42; 2 Ency. of Pl. & Pr. 234.

It is contemplated by the statute concerning appeals from probate courts, that all such appeals are of the same nature as appeals from justices of the peace. In such appeals the jurisdiction of the probate court, when the appeal is perfected, is vacated, and the case stands precisely as though it had never been tried. *Reynolds* v. *DeGeer*, 13 Ill. App. 113; *Shaffer* v. *Currier*, 13 Ill. 667.

The bill was prematurely filed. The statute requires that as a condition precedent for prosecuting a bill to set aside a will, the will must have been admitted to probate. As the appeal superseded the order of probate the condition precedent did not exist.

Where there is an insane delusion in regard to the duty or moral obligation of a party to make a will in favor of a particular person, and a will is made as the result of that delusion, it cannot be sustained. *American Bible Society* v. *Price*, 115 Ill. 638; 25 Am. & Eng. Ency. of Law, 984; 1 Jarman on Wills, (5th ed.) 38; 1 Redfield on Wills, (3d ed.) 72, 74; Buswell on Insanity, secs. 13, 381.

Apparent inequality or unreasonableness in disposition of property is important, if not conclusive, evidence on the question of testamentary capacity. *Lamb* v. *Lamb*, 105 Ind. 457; *Bilner* v. *Bilner*, 65 Pa. St. 362; *Kevill* v. *Kevill*, 2 Bush. 614; *Dennison's Appeal*, 39 Conn. 405; *Reynolds* v. *Root*, 62 Barb. 250; *Kimball* v. *Cuddy*, 117 Ill. 217.

JOHN C. RICHBERG, for appellees:

So far as filing a bill to contest a will is concerned, it is entirely immaterial whether an appeal is taken from the order of the probate court admitting a will to probate or not. As soon as the probate court has admitted a will to probate then the right inures to any one interested to file his bill within two years to contest the validity of such a will. One interested may file his bill when the will is admitted to probate, and another, or even the same person, appeal from the order admitting such will to probate. In one case the grounds and evidence are limited, and in the other case, by filing a bill, the grounds and evidence are enlarged. He who resists the admission of a will to probate, if he has countervailing testimony upon the testator's sanity or capability to make a will, must resort to his bill in chancery. *Heirs of Critz* v. *Pierce*, 106 Ill. 167.

A belief based upon evidence, however slight, is not delusion. *Chafin's Will case*, 32 Wis. 557; *Stackhouse* v. *Horton*, 15 N. J. Ch. 202.

An error in fact, or a prejudice or suspicion, is not an insane delusion. *Hall* v. *Hall*, 38 Ala. 131; *Boardman* v. *Woodman*, 47 N. H. 120; *Trumbull* v. *Gibbons*, 2 Sob. 117.

It is no ground for disturbing a particular testamentary disposition of property merely that the property is disposed of one way, or to one person or class of persons in preference to another. *McCommon* v. *McCommon*, 151 Ill. 428.

A party may dispose of his property as he sees fit, and he may dispose his bounty where he wishes, either

upon his heirs or others; and if he makes an unequal disposition among his heirs it is immaterial whether he has any reason therefor or not. *Freeman* v. *Easly*, 117 Ill. 317.

Per CURIAM: Henry L. Claussenius departed this life testate in the city of Berlin, Germany, on the 10th day of September, 1896, leaving him surviving Marie Claussenius, his widow, and Minna Brentano, a daughter, and five sons, viz., Gustave A., Edward, George W., Henry L. (the appellant) and Bismarck. He was for many years a resident of the city of Chicago and died seized of real and personal property in Cook county. His will, written by himself, was duly attested by two witnesses on the 12th day of July, 1894, and was admitted to probate in the probate court of Cook county on the 16th day of September, 1896. George W., Gustave A. and Minna Brentano perfected an appeal to the superior court of Cook county from the judgment and order admitting the will' to probate. After the time allowed for an appeal had expired, and while the appeal was pending in the said superior court, the appellant, who did not join in the appeal, filed this a bill in chancery under the statute to contest the validity of the will. Answers to the bill and replications to the answers were filed. By stipulation of the parties trial by jury was waived and the issues were submitted to the chancellor for decision. The findings and decree of the court were adverse to the appellant, the complainant in the bill, and he has perfected this appeal to bring the proceeding in review in this court.

The widow, Marie, was the second wife of the testator, and his children hereinbefore named were all born of the first wife. The will, after bequeathing to his sons Gustave A., George W., Henry and Bismarck, and to his daughter, Minna Brentano, all advances and donations made to them, and directing that all notes and indebtedness owing by any of them to the testator, and all debts and dues appearing against them or any of them on the

books of the firm of H. Claussenius & Co., shall be unconditionally acquitted to them and each of them and canceled, gives and devises all the property and effects, of every nature and kind, in the United States of America, including life insurance, to his son Edward, without making any provision whatever for Marie, testator's widow.

The bill, in substance, charges the testator was possessed of an wholly unfounded and irrational delusion that his children (except Edward) had created, or aided in the creation of, a sentiment in the minds of his friends and acquaintances in the city of Chicago derogatory to the good name of his second wife and unfavorable to himself, and that Marie, his second wife, actuated by a feeling of hostility to his children growing out of the same matter, by artful deception and misrepresentation and the persistent exercise of undue influence over him, so fastened the delusion upon his mind that it absorbed and controlled his thoughts, overpowered his reasoning faculties, destroyed his parental affection and his sense of moral duty and obligation to his children, and created in him an irrational, unfounded and wholly unjustifiable feeling of enmity, aversion and hostility to them, and that the execution of the will bequeathing his estate in the United States to his son Edward, and almost entirely excluding his other children from participation therein, was the product of his abnormal mental condition.

It will be observed the bill does not allege the wife, Marie, sought to induce the testator to so frame his will as that she would profit financially by the exclusion of the appellant or any other person from participation in his estate, nor is it alleged that Edward, the chief beneficiary under the will, in any manner aided in the alleged effort to embitter the mind of the testator against the appellant or any of the children of the father, and it may be here further stated that there is no evidence in the record showing that Edward sought to induce his father to prefer him in the will.

Appellant insists the evidence established the truth of the allegations of the bill, and that the court erred in refusing to so hold. Aided by an exhaustive and able argument with which we were favored by counsel for appellant, and also by printed arguments and briefs in behalf of the parties concerned fully treating upon all points of law and fact involved, we have diligently consulted the testimony preserved in the record and endeavored to fairly and justly determine the application, weight and value of the proof which was submitted on the hearing of the cause. It appeared the testator had for many years conducted important business enterprises in the city of Chicago with marked success. He displayed sound discretion and forethought and more than ordinary mental capacity in the management of his affairs, and became prominent as a successful, safe and leading business man. His mental faculties had not become impaired and his strength of mind was in nowise abated when he wrote his will. The evidence disclosed family dissensions, and as the outgrowth thereof, unkind—even bitter—feelings in his mind against some of his children, including appellant. The animosity thus engendered may have influenced him to prefer some of his children to others in making the disposition of his property by will. He may have judged hastily and unjustly, but it was his judgment which operated to influence his act. He may have given undue weight to mere suspicions; but who has not? To err and be swayed by anger are weaknesses of human nature from which sound and healthy minds are not exempt. He was subject to the frailties of the human mind but was not affected with the delusions of insanity. There is no reason we should decline to accept the conclusion of the chancellor on this branch of the case.

After the chancellor had announced his findings from the evidence, but before the entry of any order as to such findings, the complainant below (appellant here) objected to the entry of any decree or judgment in the cause, on

the ground the appeal taken by a portion of the children of the testator from the judgment of the probate court admitting the will to probate operated to abrogate the order admitting it to probate, and that it is essential to the jurisdiction of a court of chancery to entertain a bill to contest a will under the statute that there be an existing valid order or judgment admitting the will to probate. The court properly overruled the objection. Under the statute then in force the probate of a will was an *ex parte* proceeding for the purpose of establishing *prima facie* a valid execution of the will. To justify an order admitting a will to probate under that statute it was only necessary the particular facts specified in section 2 of chapter 148 of the Revised Statutes, entitled "Wills," should be established. These facts relate solely to the execution of the will (without fraud, compulsion or other improper conduct,) in the presence of two or more witnesses, and the proof of such due execution by the oath or affirmation of two or more of the attesting witnesses that they believed the testator to be of sound mind and memory at the time of the execution thereof, and such facts were to be determined by the court without the intervention of a jury. Speaking of the statute as it then stood we said in *In re will of Ingalls,* 148 Ill. 287 (p. 294): "It should be remembered that the probate of wills in the county court, under our practice, is an *ex parte* proceeding. It contemplates no contest, and requires no citation of the heirs, devisees or other representatives of the testator. The proof necessary to entitle the will to probate is confined to the particular facts specified by the statute, and is for the purpose of establishing *prima facie* the validity of the will, so as to entitle it to be recorded. * * * It was doubtless the intention of the statute to limit the inquiry, in proceedings of this character, to the belief as to the sanity of the testator entertained by the attesting witnesses at the time the will was executed. * * * If the attesting witnesses, at

the time the will was signed, believed that the testator was of sound mind and memory that is sufficient, and the will should in this proceeding be deemed to have been sufficiently proved. If that opinion was erroneous, such fact can be shown in a proceeding in chancery to contest the will. This, however, is not the place for such contest."

An appeal from a judgment in such a proceeding admitting the will to probate has no effect to broaden the inquiry in the court to which the appeal is taken nor to entitle the party to a trial by jury. Hence, upon the rendition of such a judgment, parties having the requisite interest, if they desire only to question the correctness of the ruling that the will was admissible to probate, could do so by appeal. But if a party so interested desired to broaden the inquiry and challenge the mental capacity of the testator to execute the instrument, or show he was unduly and improperly influenced to execute it, and to have such question tried by a jury, he must resort to a bill in chancery.

The appellant elected to avail himself of the more comprehensive remedy in chancery. The parties who prosecuted the appeal were made defendants to the bill. The bill embraced all their contentions proper to be heard in the appeal and afforded additional grounds of relief. They did not interpose the pendency of their appeal against the further prosecution of the bill, nor did the other parties to the appeal suit, but all answered the bill upon the merits and voluntarily entered upon a hearing in chancery of all the issues cognizable on the appeal, and submitted such issues to the chancellor for decision, together with the other issues made by the bill and the answers thereto. After a full hearing before the chancellor, and after the court had proceeded to such an extent in orally announcing its conclusion as to indicate the findings and decree would be adverse to him, the appellant insisted the court should not proceed to final decree on the bill which he himself had filed, on the ground the

appeal was pending and the probate of the will not, as he contended, complete. This insistence should not have prevailed. The action of the appealing parties in joining in the submission of all issues involved in the appeal to the chancellor for decision under appellant's bill must be regarded as an abandonment of the appeal. Such was the legal effect of their action, and nothing remains to be done in the appeal case but to enter a formal order dismissing the appeal, the decree being a bar to further prosecution thereof. In fact, the appellants in the appeal suit do not desire to proceed further, but accept the decree as pronounced. The chancellor therefore properly proceeded to final decree in the cause.

It was competent for the parties to waive a trial by jury. *Whipple* v. *Eddy*, 161 Ill. 114.

The decree is affirmed.                              *Decree affirmed.*