MICHAEL G. O'BRIEN

*v.*

THOMAS P. BONFIELD *et al.*

*Opinion filed December 22, 1904—Rehearing denied Feb. 8, 1905.*

1. WILLS—*rule as to attestation of wills.* The Statute of Wills requires a will to be attested by two or more credible witnesses, and in case of the death of a witness proof of his handwriting is admissible with same effect as if he had appeared and testified in person.

2. SAME—*what is meant by "credible witness," as used in the Statute of Wills.* A "credible witness" to the execution of a will means one who would be legally competent to testify in a court of justice to the facts which he attests by subscribing his name to will.

3. SAME—*test of competency of subscribing witness.* The test of the competency of a witness to testify against heirs upon an issue involving the execution of a will is whether he will gain or lose, financially, as the direct result of the suit, or whether the judgment or decree will be evidence for or aganst him in another action.

4. SAME—*subscribing witnesses do not exercise judicial power.* A subscribing witness to a will, in giving his opinion as to the testator's mental capacity, does not exercise judicial power or judicial functions, and is not necessarily rendered incompetent as such witness by reason of a relationship which might disqualify him as a judge or juror in a suit between the heirs and the devisees.

5. SAME—*one not incompetent to attest will because grandson is a legatee.* A person is not incompetent to testify as a subscribing witness to a will because his grandson is a legatee under the will.

6. SAME—*will not invalid because person who drew it is named as executor.* The fact that the person who drew the will or assisted in its preparation is named as executor does not invalidate the will.

7. CONSTITUTIONAL LAW—*statutory provision concerning a subscribing witness not unconstitutional.* The provision of section 2 of the Statute of Wills, concerning subscribing witnesses to wills and the effect of their testimony, is not unconstitutional, as delegating judicial power to the witnesses.

8. SAME—*limiting evidence of mental capacity on probate is not unconstitutional.* The Statute of Wills, in limiting the evidence of mental capacity to the testimony of the subscribing witnesses on application for probate and on appeal from an order of probate, is not in contravention of any constitutional rights of the heirs, since the probate of a will is not a final adjudication of the testator's mental capacity and does not affect the right of the heirs to contest the will.

APPEAL from the Circuit Court of Iroquois county; the Hon. R. W. HILSCHER, Judge, presiding.

OTTO GRESHAM, and A. F. GOODYEAR, for appellant:

The word "credible" in the statute means "competent." *In the Matter of Noble,* 124 Ill. 266.

In all jurisdictions an attesting witness to a will exercises judicial powers. *Cornwall* v. *Isham,* 1 Day, (Conn.) 35; *Hawes* v. *Humphrey,* 9 Pick. 350.

In Illinois the attesting witnesses to a will in a proceeding as to the mental capacity of the testator or testatrix are judges, pure and simple, while the county judge, the circuit judge and the judges of this court are ministerial officers to ascertain the judgment of the attesting witnesses entered up at the time the will was executed. *Walker* v. *Walker,* 2 Scam. 291; *Duncan* v. *Duncan,* 23 Ill. 365; *Andrews* v. *Black,* 43 id. 256; *Weld* v. *Sweeney,* 85 id. 50; *In re Will of Ingalls,* 148 id. 287; *Heirs of Critz* v. *Price,* 106 id. 167; *Claussenius* v. *Claussenius,* 179 id. 545; *Baker* v. *Baker,* 202 id. 595; *In re Estate of Arrowsmith,* 206 id. 352; Horner on Probate Law, sec. 54; *Ferguson* v. *Hunter,* 2 Gilm. 657; *Doran* v. *Mullen,* 78 Ill. 342.

A judge who is related to a party to a cause before him is ineligible to sit. Hurd's Stat. 1901, chap. 146, sec. 1.

A gift to a child through the father's agency is the same as a gift to the father. *Hughemin* v. *Baseley,* 14 Ves. 273.

R. J. Hanna was grandfather to Thomas W. Hanna, one of the devisees named in the will, and is therefore incompetent as an attesting witness to the will. Especially is this true as this attestation takes the property from an heir and vests it in his blood—a stranger to the blood of Mary A. Williams. *Panand* v. *Jones,* 1 Cal. 488.

Our proposition in the court below was and in this court is, that the competency of a witness to a will, under the Illinois statute, is governed by a different rule than the rule which determines the competency of a witness in an action

at law or a suit in chancery in this State. In short, a competent witness does not make a competent juror or judge. *In Matter of Noble,* 124 Ill. 266; *Shannon* v. *Shannon,* 208 id. 252; *Carleton* v. *Carleton,* 40 N. H. 17; Hurd's Stat. 1901, chap. 146, sec. 1; chap. 78, sec. 2; chap. 38, sec. 279.

If the court holds R. J. Hanna a competent witness under the statute, then the statute as enforced in this proceeding is unconstitutional as against the natural rights of the appellant, as against his rights under the constitution of this State and the United States. Const. of 1870, art. 6, sec. 1; art. 2, sec. 2; 5th amendment and sec. 1 of 14th amendment to Const. of United States; *State* v. *Maynard,* 14 Ill. 422; *Hall* v. *Marks,* 34 id. 358; *Missouri River Tel. Co.* v. *Bank,* 74 id. 217; *Hardy* v. *Burton,* 79 id. 504; *Speight* v. *People,* 84 id. 595; *People* v. *Rose,* 207 id. 352; Cooley's Const. Lim. (7th ed.) 589, 591; *State* v. *Noble,* 118 Ind. 350; *In re Janitor,* 35 Wis. 410; *State* v. *Smith,* 82 Mo. 51.

The presumption is against the validity of a will in which the lawyer who drew it is made the executor. *St. Leger's Appeal,* 34 Conn. 434; *Drake's Appeal,* 45 id. 9; *Hardley* v. *Cuthbertson,* 108 Pa. St. 395; *Boyd* v. *Boyd,* 66 id. 283.

This court does not approve of a lawyer drawing a will, witnessing it and acting as an attorney to sustain it. *Drach* v. *Kamberg,* 187 Ill. 385.

A will was not sustained where the attorney who drew it was made executor, with power to sell all the property of the testator and pay legacies. *Keithley* v. *Stafford,* 126 Ill. 507.

FREEMAN P. MORRIS, and FRANK L. HOOPER, for appellee Bonfield:

"Credible witnesses," as used in the statute relating to wills, has been construed, both in England and in this country, to mean competent witnesses,—that is, such persons as are not legally disqualified from testifying in courts of justice by reason of mental incapacity, interest or the commission of crime, or other cause excluding them from testifying

generally or rendering them incompetent in respect of the particular suit. *Boyd* v. *McConnell,* 209 Ill. 396; *In the Matter of Noble,* 124 id. 266; *Johnson* v. *Johnson,* 187 id. 86; *Sloan* v. *Sloan,* 184 id. 579; *Harp* v. *Parr,* 168 id. 459; *Title and Trust Co.* v. *Brown,* 183 id. 42; *Fisher* v. *Spence,* 150 id. 253; 29 Am. & Eng. Ency. of Law, (1st ed.) 231.

The test of the interest of a subscribing witness in a will is whether he will either gain or lose, financially, as the direct result of the proceeding to establish the will, or whether the record will be legal evidence for or against him in some other action. *Boyd* v. *McConnell,* 209 Ill. 396; 1 Greenleaf on Evidence, sec. 390; *Pyle* v. *Pyle,* 158 Ill. 289; Schouler on Wills, (3d ed.) par. 353, p. 353; 29 Am. & Eng. Ency. of Law, 233, 234; *Campbell* v. *Campbell,* 130 Ill. 466.

The interest which will constitute a disqualifying cause of objection must be pecuniary in its nature. *Boyd* v. *McConnell,* 209 Ill. 396; 1 Greenleaf on Evidence, sec. 386; *Pyle* v. *Pyle,* 158 Ill. 289; Rood on Wills, sec. 312.

The interest, to be disqualifying, must be, however, a present, certain and vested financial interest in the subscribing witness or in his or her husband or wife. *Pyle* v. *Pyle,* 158 Ill. 289; Schouler on Wills, (3d ed.) par. 353; Rood on Wills, par. 313; 29 Am. & Eng. Ency. of Law, 233, 234; 1 Greenleaf on Evidence, secs. 386, 390; 1 Underhill on Wills, sec. 207.

The interest growing out of the relation of parent and child does not disqualify either from becoming a competent attesting witness to a will whereby the other may receive a legacy or devise, much less can the claimed disqualification apply to the relation of grandparent and grandchild. *Nash* v. *Reed,* 46 Me. 168; Schouler on Wills, (3d ed.) sec. 353; 1 Greenleaf on Evidence, secs. 386-390; *Allen* v. *Allen,* 2 Over. 172; *Old* v. *Old,* 4 Devereux, 500; *Maxwell* v. *Hill,* 89 Tenn. 584.

The statutes of Illinois, in so far as they confine the testimony relative to the testamentary capacity of the testator to

the subscribing witnesses on the application for the probate of the will, do not confer judicial power upon the attesting witnesses in contravention of the State or Federal constitution; nor do such statutes deprive any prospective heir of any vested right without due process of law.

The right to take property by devise or descent is the creature of the law, and not a natural right or privilege, and therefore the authority which confers it may impose conditions upon it. *Magoun* v. *Bank,* 170 U. S. 283.

The power of the State to regulate the tenure of real property within her limits, and the modes of its acquisition and transfer, and the rules of its descent, and the extent to which a testamentary disposition of it may be exercised by owners, is undoubted. *United States* v. *Fox,* 94 U. S. 315.

The laws of descent and devise being the creation of the statute law, the power which creates may regulate and may impose conditions or burdens on a right of succession to the ownership of property to which there has ceased to be an owner because of death, and the ownership of which the State then provides for by the law of descent or devise. *Kochersperger* v. *Drake,* 167 Ill. 122.

Acts of the legislature cannot be regarded as opposed to the fundamental axioms of the organic law unless they impair rights which are vested. A mere expectation of property in the future is not a vested right, hence rules of descent are subject to change in their application to all estates not already passed to the heir by the death of the owner. No one is heir to the living. *Sayles* v. *Christie,* 187 Ill. 420; Cooley's Const. Lim. (6th ed.) 438, 439.

The law of Illinois in restricting the evidence relative to the testamentary capacity of the testator to that of the subscribing witnesses, on the application for the probate of the will, does not confer judicial power upon the attesting witnesses. They are permitted to express an opinion upon the mental capacity of the testator in accordance with a rule of evidence that exists independently of the statute. The tes-

timony of the subscribing witnesses is but one of a number of steps essential to the probate of the will. *Owners of Lands* v. *People,* 113 Ill. 296; *People* v. *Simon,* 176 id. 165; *Arms* v. *Ayer,* 192 id. 601.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Iroquois county admitted to probate the will of Mary A. Williams, deceased, a widow, who left no children or lineal descendant and no brother or sister. Appellant, a nephew, prosecuted an appeal to the circuit court of said county, where there was a trial *de novo* before the court and the will was again admitted to probate. Appellant then prosecuted this further appeal.

The execution of the will by Mary A. Williams was proved and was admitted by the appellant, and there was a formal attestation clause attached thereto, signed by R. J. Hanna and William Fraser as witnesses. R. J. Hanna, one of the subscribing witnesses, died before the will was probated, and proof of his handwriting was made and not disputed. The other subscribing witness, William Fraser, testified to all the facts required by the statute, and the will was fully proved if the attesting witnesses were competent to act as such. The claim of appellant is that R. J. Hanna was not competent to act as a subscribing witness, for the reason that his grandson, Thomas W. Hanna, was a legatee under the will, to whom $1000 was bequeathed. The Statute of Wills requires a will to be attested by two or more credible witnesses, and in case of the death of a witness, proof of his handwriting is admissible with the same effect as if he had appeared and testified in his own person. The word "credible," as used in the statute, means "competent." *(In the matter of the will of Noble,* 124 Ill. 266.) It means a witness who, at the time of attesting a will, would be legally competent to testify in a court of justice to the facts which he attests by subscribing his name to the will. There can be

no doubt that a witness would be competent to testify against an heir on an issue involving the execution of a will and the mental capacity of the testator, although his grandson might be interested in the result of the litigation. The interest which disqualifies a witness in such a case must be a present, certain, legal interest of a pecuniary nature. The test is whether he will either gain or lose, financially, as the direct result of the suit, or whether the judgment or decree will be evidence for or against him in another action. *Boyd* v. *McConnell,* 209 Ill. 396.

Counsel do not deny that such is the rule to be applied to witnesses generally, but they say that by our statute the subscribing witnesses to a will are not mere witnesses; that they are made judges of the mental capacity of the testator and exercise judicial power in determining whether the testator is mentally competent to execute a will, and that it is their finding and judgment on that question which entitle the will to probate. They insist that Mr. Hanna was incompetent as a witness for the same reason that a judge who is related to a party to a cause is incompetent to hear and determine the cause. In other words, they say that a competent subscribing witness to a will must be competent to sit as a juror or judge in a suit between the heir and the legatees or devisees under the will. We cannot agree with counsel that the attesting witness exercises judicial power or judicial functions. It is true that no man can be a judge in his own cause or where he is related to a party in interest, and by our constitution the judicial powers are vested in certain courts. No law can vest judicial power in attesting witnesses and authorize them to adjudge, decide and render a judgment in a cause, and the Statute of Wills does not purport to do so. Proof of the mental capacity of the testator is one of the steps necessary to the probate of a will, and in the county court, or upon appeal from an order allowing probate, the parties are confined to the testimony of the subscribing witnesses on that question. *(Walker* v. *Walker* 2 Scam.

291; *Andrews* v. *Black,* 43 Ill. 256.) But the attesting wit-
nesses, on the application for probate, do not exercise dif-
ferent powers or functions from any other witness testifying
to a fact. They neither construe nor apply the law nor ren-
der a judgment.

Counsel also argue that if Mr. Hanna is held to be a
competent witness the statute in unconstitutional, as against
the natural right of the appellant to have his cause heard by
an impartial judge, and in violation of section 1 of article 6 of
the constitution, by taking from the judgment and consid-
eration of the court the question of mental capacity of the
testatrix and vesting it in the attesting witnesses. As we
think that the witnesses, in testifying to the facts observed by
them and in giving their opinion as to mental capacity based
on such facts, are not exercising judicial power, it follows
that we do not regard the statute as unconstitutional.

It is next contended that the will is void because it was
written by an attorney who was named in it as executor.
The will was prepared at the direction of the testatrix by
Harrison Loring, who had been her attorney for many years.
She was desirous of having Mr. Loring act as her executor
but he declined to do so. She urged that his name should be
put in, and said that if he would not act she wanted Mr. Bon-
field, one of the appellees. Mr. Loring went to see Mr. Bon-
field, who agreed to act, and the will was then prepared·
naming Mr. Loring as executor, with a provision that if he
should be dead or unable to act, or should refuse to do so, Mr.
Bonfield should be executor. There was no intention on the
part of Mr. Loring to act, and he refused to do so before the
will was offered for probate. But the fact that he was named
as executor does not affect the validity of the will. The fact
that the person who draws a will or assists in its prepara-
tion is named as executor may be one of the circumstances
to be considered upon a different issue, but it has never been
held, under our law, that a will would be invalid for that
reason.

It is next argued that the Statute of Wills, as construed by this court to limit the evidence as to mental capacity on an application in the county court to probate a will, and on appeal from an order allowing probate, to the testimony of the subscribing witnesses, is in contravention of section 2 of article 2 of our constitution and the fifth amendment to the constitution of the United States, in depriving appellant of a share in the property of Mary A. Williams, as her heir, without due process of law, and also of section 1 of the fourteenth amendment to the constitution of the United States. As we understand the argument, it is that a statute is unconstitutional which limits the right of a contestant to introduce testimony, on an application to probate a will, on the subject of the mental capacity of the testator; that the heir has a constitutional right to demand that the court shall hear all the testimony he may offer to defeat a will which excludes him from his inheritance, and that the very essence of due process of law is the right to be heard upon all the evidence he can adduce. The proceeding to probate a will and admit it to record is not designed as a final and conclusive determination of the testamentary capacity of the testator upon all the evidence that may be produced. The purpose is only to establish testamentary capacity *prima facie* in order that the will may be recorded, the estate cared for and the administration proceed. (*Claussenius* v. *Claussenius,* 179 Ill. 545; *Moody* v. *Found,* 208 id. 78.) The provision of the Statute of Wills is, that upon certain proof being made to the court the will shall be admitted to record. That proof embraces the execution·of the will and the capacity of the testator to make it, with a reservation to any party interested, of the right to show fraud, compulsion or other improper conduct sufficient to invalidate or destroy the will. The act of 1897 provides for notice to heirs, but no issue is formed and there is no final judgment as to the validity of the will. The law provides for a proceeding in which an issue is to be made whether the writing is the will of the testator or not, where

that question is finally to be determined. The right to file a bill and have such an issue formed is in no manner affected by the fact that some or all of the contestants may have appeared in the county court and cross-examined the subscribing witnesses to the will. *(Shaw* v. *Moderwell,* 104 Ill. 64.) The right is not denied, limited or affected in any way by the fact that the will has been admitted to record, but in that proceeding the validity of the will is presented as a new and original question, without reference to the fact of probate. *(Tate* v. *Tate,* 89 Ill. 42.) The whole question is heard anew, and the burden of proof of due execution and mental capacity is upon the proponents of the will to the same extent as it was before the probate. *(Potter* v. *Potter,* 41 Ill. 80.) The statute does not permit a will to be recorded without certain proof, but it does not deprive any party of his property without due process of law. On the contrary, it affords ample protection to the heir, who may call upon those claiming under the will to establish its validity.

It is said that the court erroneously refused to consider certain testimony introduced by appellant on the question of the mental capacity of the testatrix. The testimony was heard by the court subject to objection and was never stricken out, and there was no subsequent ruling concerning it. There is nothing in the record to show whether it was considered or not, but if the court refused to consider it the refusal was right.

Errors are also assigned on many rulings of the court in refusing to admit evidence offered by appellant, but the rulings were all in harmony with the views we have expressed.

The judgment is affirmed.                *Judgment affirmed.*