*In re* ESTATE OF EDGAR RALPH HAINES, Deceased.—(MARY LEWIS, Petitioner-Appellant, *v.* OAK PARK TRUST & SAVINGS BANK, Respondent-Appellee.)

First District (1st Division)   No. 76-715

Opinion filed July 25, 1977.

164

A. J. Hardiman, Ltd., of Chicago, for appellant.

Nat M. Kahn, Harold A. Cantore, and Preston H. Cantore, all of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal by Mary Lewis (Petitioner), one of three legal heirs of Edgar Ralph Haines (Testator), from an order of the circuit court of Cook County admitting the Testator's will to probate. She raises four issues:

1. Whether a contestant has the right to take the discovery or evidence depositions of the attesting witnesses prior to the will proveup.

2. Whether the court violated Petitioner's constitutional rights in refusing to allow Petitioner to file a jury demand, in refusing to allow an attorney or court reporter to be present at the time an attesting witness answered the written interrogatories and in

refusing to hold unconstitutional sections 72 and 92 of the Probate Act (now sections 6—8 and 8—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, pars. 6—8 and 8—3)).

3. Whether an attesting witness in a will proveup should be allowed to testify that she believed the decedent to be of sound mind and memory when no proper foundation has been laid and no determination has been made to establish that the witness knew the proper legal definition of sound mind and memory.

4. Whether written interrogatories, claimed by Petitioner to be clearly objectionable under the rules of evidence, should be asked of an attesting witness.

Testator's will was dated December 26, 1950. He died almost 25 years later, on August 29, 1975. The will had the usual attestation clause and was signed by three attesting witnesses. The will made no specific bequests and left the residue of Testator's estate to his sister, Darthea Haines; if she predeceased him, then to The First Church of Christ, Scientist. The executor's petition for probate stated that Testator's three legal heirs were a nephew and two nieces.

The executor filed an application to take the deposition on written interrogatories in Florida of the attesting witness Elvira Jane Dinkmeyer. Petitioner opposed the issuance of a commission on the grounds that (1) it would violate her constitutional rights under the fourteenth amendment to the United States Constitution and under sections 2, 12 and 13 of article I of the Illinois Constitution; (2) sections 72 and 92 of the Probate Act are unconstitutional and should not be utilized in contested matters; and (3) Petitioner's constitutional rights have been violated by shifting to her the burden of proof in a later will contest case and by denying her the use of discovery procedures. Petitioner also moved that the above-mentioned sections of the Probate Act be held unconstitutional, that she be allowed to file a jury demand, to take the discovery and evidence depositions of the witness and to have an attorney or court reporter present on her behalf at the time of the deposition of the witness Elvira Jane Dinkmeyer. Petitioner's motion was denied, the commission was issued and the deposition on written interrogatories of the attesting witness Elvira Jane Dinkmeyer was taken.

Subsequently, Petitioner moved that eight of the interrogatories on the standard written form be stricken on various grounds. This motion was also denied.

The attesting witness Elvira Jane Dinkmeyer, in her written answers to the cross-written interrogatories, stated: On December 26, 1950, she was employed by the Oak Park Trust and Savings Bank, in Oak Park, Illinois. Her immediate supervisor was Mrs. Gladys Finkle. The witness specifically recalled that on that date she signed her name to the will of

Edgar Ralph Haines; that the will was executed in the trust officer's office of Oak Park Trust and Savings Bank, Oak Park, Illinois, which was a small office containing a desk facing the entrance door. The witness described those present at the time the will was signed as Steve Hart, Ellen Staehling and the decedent. Steve was approximately 6' tall, late 30's. Ellen was about 5'2". Attractive. Precise. Feminine. Neat. Wore glasses. 40's. As to the deceased, she did not recall.

This deposition witness, in answer to cross-interrogatories as to her belief concerning the Testator being of sound mind and memory when he signed the will, stated: "Fully aware of what he was signing and was asked if he was in fact aware of who was witnessing." "Q. At this time are you able to state specifically that Ralph Edgar Haines was of sound mind and memory on December 26, 1950?" "A. Yes. * * * At the time I was confident that he was of sound mind in that he was aware of what he was signing. No reason to believe by his action, mannerisms or way he conducted himself during the signing that he was not of sound mind and memory." "Q. Do you specifically recall that Ralph Edgar Haines signed the document in question on December 26, 1950?" "A. Yes."

At the hearing on the will, the attesting witness Ellen M. Staehling testified to the due execution of the will. Prior to her testimony, Petitioner moved to take her discovery deposition. The motion was denied and Petitioner again moved that section 92 of the Probate Act be held unconstitutional. This motion was also denied.

During the hearing, Petitioner objected to the witness being asked any questions incorporating the term "sound mind and disposing memory" without first laying a foundation that the witness understood the proper definition of said term. Petitioner further objected that, with or without a proper foundation, the asking of the question was the eliciting of a legal conclusion.

On cross-examination by counsel for two of the heirs, the witness testified: The will was executed in the Trust Department of the Oak Park Trust. Mr. Cantore came into the department with Mr. Haines and talked to one of the officers there and the witness and two other persons were procured as witnesses to the will. She was the first witness. The second was Elvira Dinkmeyer. Ellen M. Staehling based her answer that she believed Mr. Haines was of sound mind and memory on the fact that he appeared very normal to her. He just acted like she acted and she assumed that she was normal.

On further cross-examination, she stated Mr. Haines' sister Darthea worked in the Oak Park Trust and Savings Bank; not in the same department as she did, but she knew her. That was one of the reasons she remembered the incident.

The Testator's will was admitted to probate on March 24, 1976.

Petitioner filed a timely will contest and jury demand under sections 90 and 92 of the Probate Act of 1939 (now sections 8—1 and 8—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, pars. 8—1, 8—3)) to invalidate Testator's will. That will contest is still pending.

In considering Petitioner's contentions, certain well established principles of probate law must be kept in mind.

■■ If no rules of law are contravened, a competent testator may dispose of his property as he sees fit and the justice or propriety of his disposition cannot be considered by the courts. (36 Ill. L. & Prac. *Wills* §44 (1958).) The disposition of property by will is not an inherent or natural right but is purely statutory and is regulated by the Probate Act. (*In re Estate of King* (1968), 91 Ill. App. 2d 342, 348, 235 N.E.2d 276, *affirmed sub nom. Ruffing v. Glissendorf*, 41 Ill. 2d 412, 243 N.E.2d 236.) The purpose of the Probate Act is to permit an administration to get under way as quickly as is reasonably possible and yet to permit those who wish to question the will an adequate opportunity to test the validity of the will. *In re Estate of Carr* (1970), 126 Ill. App. 2d 461, 471, 262 N.E.2d 54.

In *In re Estate of Parker* (1976), 42 Ill. App. 3d 860, 863, 356 N.E.2d 967, the court said:

"* * * It follows then that the burden of proof in establishing the validity of a proffered will is on the proponent, but it is not the duty of the proponent to show that the will is valid in all respects; it is his duty only to prove the essential elements included in the statute. (*In re Estate of Salzman* (1st Dist. 1974), 17 Ill. App. 3d 304, 306-07, 308 N.E.2d 83; *In re Estate of Thomas* (1st Dist. 1972), 6 Ill. App. 3d 70, 72, 284 N.E.2d 513.) * * *."

In *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 420-21, the supreme court, affirming 91 Ill. App. 2d 342, said:

"It has long been recognized that the proof necessary to entitle a will to probate is confined to the essential elements fixed by the statute (section 69 and its predecessors) and is for the purpose of establishing whether a *prima facie* case of validity has been made. (*In re Will of Ingals*, 148 Ill. 287; *Claussenius v. Claussenius*, 179 Ill. 545.) The hearing is to determine whether the will has been executed with the formalities required by statute, including testimony of two subscribing witnesses that in their belief the testator was of sound mind. 'No other evidence is required and no contradictory evidence is admissible, though the statute reserves the right to show fraud, compulsion or improper conduct sufficient to invalidate the will.' *In re Estate of Weedman*, 254 Ill. 504, 506; *Oliver v. Oliver*, 313 Ill. 612.

Contestants may only introduce competent evidence for the

purpose of showing fraud, compulsion or other improper conduct. (Forgery has been added.) \* \* \*

\* \* \*

The issue of testamentary capacity which petitioners seek to litigate can, of course, be raised in an action under section 90 of the Probate Act. \* \* \* "

Constitutional objections to provisions of the Probate Act which Petitioner claims prevent her from a full trial on a hearing to admit a will to probate have been considered and rejected by the Illinois Supreme Court. In *O'Brien v. Bonfield* (1904), 213 Ill. 428, 436, 72 N.E. 1090, the court said:

"It is next argued that the Statute of Wills, as construed by this court to limit the evidence as to mental capacity on an application in the county court to probate a will, and on appeal from an order allowing probate, to the testimony of the subscribing witnesses, is in contravention of section 2 of article 2 of our constitution and the fifth amendment to the constitution of the United States, in depriving appellant of a share in the property of Mary A. Williams, as her heir, without due process of law, and also of section 1 of the fourteenth amendment to the constitution of the United States. As we understand the argument, it is that a statute is unconstitutional which limits the right of a contestant to introduce testimony, on an application to probate a will, on the subject of the mental capacity of the testator; that the heir has a constitutional right to demand that the court shall hear all the testimony he may offer to defeat a will which excludes him from his inheritance, and that the very essence of due process of law is the right to be heard upon all the evidence he can adduce. The proceeding to probate a will and admit it to record is not designed as a final and conclusive determination of the testamentary capacity of the testator upon all the evidence that may be produced. The purpose is only to establish testamentary capacity *prima facie* in order that the will may be recorded, the estate cared for and the administration proceed. (*Claussenius v. Claussenius*, 179 Ill. 545; *Moody v. Found*, 208 id. 78.) The provision of the Statute of Wills is, that upon certain proof being made to the court the will shall be admitted to record. That proof embraces the execution of the will and the capacity of the testator to make it, with a reservation to any party interested, of the right to show fraud, compulsion or other improper conduct sufficient to invalidate or destroy the will. \* \* \*"

▪▪▪ Petitioner's contention that sections 72 and 92 of the Probate Act (now sections 6—8 and 8—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, pars. 6—8, 8—3)) are unconstitutional are without merit.

■■ Petitioner's contention that an attesting witness should not be allowed to testify that in the witness' opinion the testator was of sound mind and disposing memory and her specific objection that an attesting witness should not be allowed to so testify without laying a foundation that the witness understood the proper definition of the term are directly contrary to the law as stated by the Illinois Supreme Court. In *Both v. Nelson* (1964), 31 Ill. 2d 511, 513, 202 N.E.2d 494, the court pointed out that it had several years earlier specifically rejected a claim that an attesting witness must first establish a foundation for his belief as to a testator's mental capacity, saying:

> "In *Brownlie v. Brownlie*, 357 Ill. 117, this court held it was not error to permit the attesting witnesses to express an opinion of the testator's mental capacity without first laying a foundation therefore. We said the rule requiring a witness to first relate the facts and circumstances on which he bases his opinion does not apply to attesting witnesses. * * *"

We cannot overrule the supreme court as requested by Petitioner.

Section 69 of the Probate Act of 1939 (now section 6—7(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 6—7(a))) provides, with reference to the mental capacity of a testator, that a will is sufficiently proved to admit it to probate when each of two attesting witnesses testifies that "he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will." This legislative judgment to restrict in this respect the scope of the hearing to admit a will to probate follows the supreme court's holding in *Hill v. Kehr* (1907), 228 Ill. 204, 207, 81 N.E. 848, that it was not necessary for the witness to testify that he knew the testator to be of sound mind and memory and that if he had said that he believed her to be so, it would have been sufficient. This legislative judgment evidences the desire to expedite the administration of a decedent's estate and to leave to a contestant his right to file a full-scale will contest under present sections 8—1 through 8—4 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, pars. 8—1 through 8—4).

■■■ Petitioner argues that the trial court improperly denied her a jury trial on the hearing to admit the will to probate. Petitioner's contention is without foundation. Section 13 of article I of the Illinois Constitution of 1970, which provides: "The right of trial by jury as heretofore enjoyed shall remain inviolate," was not intended to confer the right in any class of cases where it had not previously existed and was not intended to guarantee trial by jury in special statutory proceedings unknown to the common law. (*Ford v. Environmental Protection Agency* (1973), 9 Ill. App. 3d 711, 718-19, 292 N.E.2d 540; *People ex rel. Keith v. Keith* (1967), 38 Ill. 2d 405, 231 N.E.2d 387.) Because the probating of a will is a purely statutory proceeding and the Probate Act makes no

provision for a jury trial in an action to admit a will to probate, Petitioner was not entitled to a jury trial. *Moody v. Found* (1904), 208 Ill. 78, 79, 80, 69 N.E. 831.

Section 92 of the Probate Act of 1939 (now section 8—3 of the Probate Act of 1975) specifically gives a right of trial by jury in a will contest. (Ill. Rev. Stat. 1975, ch. 3, par. 8—3.) That section places on the contestant the burden of proof to establish the invalidity of a will. This legislative determination is consonant with the policy of the law to uphold the right of a testator to dispose of his property as he sees fit, if no rules of law are contravened.

■■ Petitioner further contends that her motions to take the discovery depositions of the attesting witnesses before they testified were improperly denied and that *In re Estate of Kvasauskas* (1972), 5 Ill. App. 3d 202, 282 N.E.2d 465, should not be followed. In that case, the appellant there, as here, argued that he should have been allowed to utilize the discovery procedures of the Civil Practice Act in preparation for the hearing to admit a will to probate. The Appellate Court for the Second District rejected this contention, saying:

> "The probate act is designed to provide a method whereby the administration of an estate can be commenced quickly and yet permit interested parties adequate opportunity to test the validity of a will. (*In re Estate of Carr*, 126 Ill. App. 2d 461, 262 N.E.2d 54, 58.) The act provides that notice of a petition to admit a will be furnished to the heirs, devisees and legatees of the testator at least 14 days prior to a hearing. (Ill. Rev. Stat. 1969, ch. 3, sec. 64.) The persons entitled to notice are clearly not 'defendants' nor are they, of course, required to appear at the hearing. The standing of the appellant to object to the petition was, on the basis of the probate act, questionable at best.
>
> In any event, the order admitting a will to probate is not final as to its execution or validity. (*Sternberg v. St. Louis Union Tr. Co.*, 394 Ill. 452, 459.) Section 90 of the act provides that '* * * any interested person may file a petition in the proceeding for the administration of the testator's estate to contest the validity of the will * * *' within 7 months after its admission to probate. (Ill. Rev. Stat. 1969, ch. 3, sec. 90.) It is in that proceeding that the full panoply of discovery tools is available and should be utilized by a litigant. Indeed, the appellant has commenced a proceeding in the trial court to contest the will and has, apparently, taken the depositions of the witnesses to the will. We have, nonetheless, determined not to dismiss the appeal as moot since the question appears to be one of first impression and of considerable importance in the orderly administration of estates.

We are of the opinion that the procedure provided in the probate act for the prompt and orderly administration of estates should not be unnecessarily delayed where the rights of all interested parties are already adequately safeguarded. For that reason, we feel that the trial court was well within its sound discretion when it denied the discovery sought by the appellant and admitted the will to probate." (5 Ill. App. 3d 202, 204.) We agree with that court's conclusion and follow it. The trial court here did not abuse its discretion in denying Petitioner's motions to take the discovery depositions of the attesting witnesses.

Petitioner's further contention that the standard printed form interrogatories to be propounded to one of the attesting witnesses "were clearly and patently objectionable under the rules of evidence" will not be considered because she has failed to specify how they are so objectionable.

The judgment of the circuit court of Cook County admitting the Testator's will to probate is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.