**AIMERY PIERRE CARON AND LESLIE CARON, Contestants**

**v.**

**FIRST PENNSYLVANIA BANK, N.A., AND MONIQUE ODELL, Proponents**

Civil No. 149/1978

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 21, 1979

---

170

JOHN A. ZEBEDEE, ESQ., St. Thomas, V.I., *for contestants*

CHARLES S. WAGGONER, III, ESQ., St. Thomas, V.I., *for proponents*

PETERSEN, *Judge*

MEMORANDUM OPINION

The court in this case considers an issue heretofore unreported in the case law of the Virgin Islands: whether the right to trial by jury extends to one contesting a will submitted for probate in this jurisdiction, under either the Seventh Amendment to the Constitution of the United States or Rule 193 of the Probate and Fiduciary Rules for the Territorial Court, Appendix IV of Title 5, Virgin Islands Code.

The matter is before the court pursuant to a demand for jury trial by contestants in the above-captioned Declaration of Contest, Civil No. 149/1978. Contestants Aimery Pierre Caron and Leslie Caron object to and seek revocation of the proposed will submitted by proponents, First Pennsylvania Bank, N.A., and Monique Odell, in Probate No. 1977-138, In the Matter of the Estate of Claude Jean Caron (Terr. Ct. of V.I., Div. of St. Thomas and St. John). A hearing on the issue of whether proponents are entitled to a jury trial in the present action was held on April 12, 1978; proponents and contestants appeared on their own behalf and through counsel, Charles S. Waggoner, III, Esquire, and Arnold M. Selke, Esquire,[1] respectively. After the oral presentation of counsel, the court postponed further consideration of the merits of this action pending resolution of the jury trial issue. Counsel for the parties upon the court's request each have submitted a memorandum of law specifically concerning that issue, to wit: whether one con-

---

[1] By an Order of the court dated June 6, 1978, in the present case, the appearances of Attorneys Selke and Lawrence T. Brooke, Esq., were withdrawn and the appearance of John A. Zebedee, Esq., entered on behalf of contestants.

testing a will submitted for probate in the Virgin Islands is entitled to a trial by jury. Upon consideration of the oral and written arguments of counsel, the documents and papers filed in the matter, and its own research, the court concludes that contestants are not entitled to and should not be granted a trial by jury in the above-captioned matter.

██ Contestants in these proceedings rest their demand for a jury trial on two propositions. First, they contend that the right to a jury trial in a will contest existed at common law when the Seventh Amendment of the United States Constitution was adopted and that, consequently, the right to a jury trial in a will contest is guaranteed by the Seventh Amendment. Alternatively, contestants argue that trial by jury is specified as the mode of proceeding in a will contest procedure in this jurisdiction by Rule 193 of the Probate and Fiduciary Rules for the Territorial Court, 5 V.I.C. App. IV, Part VIII, Rule 190 et seq. The court concludes that no constitutional right to a jury trial in a will contest exists, and for that right to exist it must be preserved in this jurisdiction by statute.

██ Contestants contend that the Seventh Amendment of the United States Constitution, preserving the right of trial by jury in suits at "common law,"[2] includes as a "common law" action the proceeding known in contemporary practice as the "will contest."[3]

---

[2] U.S. Const. amend. VII.

[3] Contrary to the arguments of contestants, the Seventh Amendment of the Constitution does not apply per se to the Virgin Islands or any of the United States' unincorporated territories. Hardware Dealers Mut. Fire Ins. Co. of Wisconsin v. Glidden Co., 284 U.S. 151 (1931), quoted in Iacaponi v. New Amsterdam Cas. Co., 258 F.Supp. 880 (W.D. Pa. 1966), aff'd, 379 F.2d 311 (3d Cir. 1967), cert. denied, 389 U.S. 1054 (1968); Collins v. Government of the V.I., 5 V.I. 622, 366 F.2d 279 (3d Cir. 1966). However, § 3 of the Revised Organic Act of 1954, as amended, August 23, 1968, extended the Seventh Amendment to the U.S. Virgin Islands, proclaiming it to have the same force and effect "as in the United States or in any State of the United States." Additionally, a specific statutory application of the jury trial right, in civil actions tried in the District Court of the Virgin Islands, is found at 5 V.I.C. § 321 and is incorporated in the Civil Rules of the District Court at 5 V.I.C. App. I, Rule 38. This statutory provision is, in turn, made applicable to the Territorial Court

The Seventh Amendment provides:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

By its terms, therefore, the Amendment preserves only those actions which would have been triable before a jury under (English) common law at the time the Seventh Amendment was adopted in 1791. Dimick v. Schiedt, 293 U.S. 474, 476 (1935); Baltimore & C. Line v. Redman, 295 U.S. 654, 657 (1935); Penn v. Penn, 14 V.I. 522 (Terr. Ct. 1978). Notwithstanding the assimilation of the so-called legal and equitable courts of English common law into one civil court, therefore, and the abolition of "actions at law" as distinguished from "suits in equity" in favor of one uniform system of procedure, the court

must nonetheless revert to that ancient distinction as a guideline in determining what issues in the present civil action are historically legal and therefore triable by a jury.

Klein v. Shell Oil Co., 386 F.2d 659, 662 (8th Cir. 1967); see Penn v. Penn, supra, at 526, 527. That is to say, it must be determined whether, at common law, a will contest proceeding was an "action at law" requiring a jury trial; if so, that right is preserved in this jurisdiction by 5 V.I.C. § 321.

Historical analyses of will contest proceedings at common law, conducted by various courts in various jurisdictions, have generally reached the conclusion set forth in the case of Shaw et al. v. Shaw, 28 S.D. 221, 133 N.W. 292 (1911), wherein the Supreme Court of South Dakota, relying partially upon an earlier analysis by the Supreme Court of California in a will contest proceeding, Estate of

by 4 V.I.C. § 83, which states that "[t]he practice and procedures in the Territorial Court shall be as prescribed by the rules adopted by the District Court."

Dolbeer, 149 Cal. 227, 86 Pac. 695 (1906), and partially upon its own research into the will contest at common law, therein concluded:

Although there is some conflict of opinion on the question whether there is a constitutional right to a trial by jury in a will contest, the weight of authority is to the effect that such a constitutional right does not exist, either by virtue of the Seventh Amendment of the Constitution of the United States, or by reason of the provisions in the Constitutions of the various states, relating to the preservation of the right of trial by jury . . . [citations omitted] . . . . It has been held that the right of trial by jury is secured by the Constitution only in cases where it has previously existed, in the administration of justice in the course of common law. Probate matters belong to ecclesiastical jurisdiction, where a jury was not a right. Such a proceeding is not really an action at law as defined in the Code. A contest of a will and proceedings to revoke its probate are special proceedings. It follows, then, in the absence of a statute providing for a trial jury, probate proceedings have always been heard by the court without the intervention of a jury. Only in those probate proceedings when the statute expressly confers a right to a trial by jury does the right exist.

133 N.W. at 292–3. Or, as explained in Page on Wills:

Trial by jury was peculiar to the courts of common law. Power to make a testament was recognized and enforced by ecclesiastical law, and not by common law. There was, therefore, no inherent right to trial by jury in a proceeding to probate or contest a testament of personal property under the procedure in England. The right to devise realty was ultimately denied at common law; and it owes its existence to statute. *There was, therefore, no occasion for trial by jury at common law, of any question involving the validity of a will.* For these reasons it is held that no constitutional right exists to a trial by jury in a proceeding to probate or contest a will.

3 Boone-Parker: Page on Wills, § 26.85 (1961). (Emphasis supplied.) American Jurisprudence 2d,[4] Corpus Juris Secundum,[5] American Law Reports,[6] Atkinson on Wills,[7]

---

[4] 80 Am.Jur.2d, Wills, § 1026 (2d ed. 1975).
[5] 50 C.J.S., Juries, § 56 (1947).
[6] Annot., 62 A.L.R. 82.
[7] T. E. Atkinson, Handbook of the Law of Wills § 100 (2d ed. 1953), 533–4.

and the most recent cases considering the applicability of the Seventh Amendment to will contests[8] all concur in the conclusion that no right of jury trial existed in the common law for these proceedings, and thus none was preserved by the Seventh Amendment in 1791.

Contestants challenge that conclusion. They assert that for the specific purpose of determining the validity of a will, a jury *was* empanelled and used at common law in both the early ecclesiastical and later Chancery courts of England. In support of that assertion contestants cite the case of Gilbreath v. Wallace, 292 So.2d 651 (Ala. 1974), wherein the Supreme Court of Alabama, confronted with the question of a right to jury trial in will contests as provided by its constitution, therein concluded:

In the common law of England there was no probate court. Bequests and legacies were handled by the ecclesiastical courts and devisees by the law court. At law, the heir of a testator could never be deprived of his inheritance without the intervention of a jury to try the issue of devisavit vel non (literal translation; will or no will—is the paper purporting to divest the heir of his inheritance the true last will of the deceased, legally executed by him while competent and without the interposition of undue influence?). Somewhat later, wills were submitted to the conscience of the chancellor. When the question of the validity of a will arose in chancery, the heir-at-law was entitled to have the issue devisavit vel non "made up" and sent out of that court to a court of law and submitted to a jury.

292 So.2d at 654. Notwithstanding the analysis and authority of treatise, compendium and case law, therefore, contestants assert that the present action involves a devise of realty in which has been raised a question of validity analogous to the writ of devisavit vel non—an issue historically granted consideration before a jury, secured in English law by the Statute of Wills, characterized as a "suit at

---

[8] See, e.g., Estate of Haines, 9 Ill. Dec. 291, 366 N.E.2d 548 (Ill. App. 1977); In re Snyder's Estate, 368 Pa. 393, 84 A.2d 318 (1973); Matter of Howard's Estate, 129 Cal. Rptr. 336, 58 C.A.3d 250 (Cal. App. 1976).

common law" in 1791, and, therefore, incorporated as a constitutional right upon adoption of the Seventh Amendment.

The historical analysis suggested by the Alabama court in Gilbreath, and adopted by contestants herein, would extend the Seventh Amendment to a class of proceedings which the "great weight" of authority suggests is beyond its scope, cf. Wainwright v. Bartlett, 51 Nev. 170, 271 P. 689, 689 (1928). The court does not refuse to adopt that analysis solely because it departs from a traditional interpretation which, according to contestants, has erroneously denied a constitutional right of jury trial to will contestants. Rather, the court concludes that contestants as well as the Alabama court have incorrectly appropriated the writ of devisavit vel non to the contemporary will contest proceeding. The ancient process cited by contestants as requiring a jury trial is distinguishable from that in the action sub judice in the opinion of the court, and its existence in English common law at the adoption of the Seventh Amendment does *not* provide support for the argument that the Amendment thereby guarantees a jury trial, upon demand, to one contesting a will.

The issue of "devisavit vel non" in English practice involved solely the validity of a devise of realty in the Chancery court; one was not entitled to jury trial upon questions of fact involving the validity of a testament of personalty, since these matters were determined by church tribunals where there was no jury. T. E. Atkinson, Handbook of the Law of Wills § 100 (2d ed. 1953) (hereinafter referred to as "Atkinson") at 533. Subsequent to passage of the Statute of Frauds of 1677[9]—which set forth certain requisite formalities of both the "will", or devise of realty, and "testament", or disposition of personalty—it became customary for a single, written instrument to dispose of both

---

[9] St. 22 & 23 Chas. II, c. 10 (Am.Jur.2d Desk Book, Doc. No. 116 (1962)).

species of property.[10] The distinction was maintained, however, between the ecclesiastical and Chancery courts; it was necessary to secure probate by the church court so as to establish the disposition of personalty, though such probate proceedings had no legal effect on devises made in the same testamentary instrument. Nevertheless, the hybrid character of that emerging instrument blurred the normal legal doctrine of absolutely separating realty succession and personalty succession.[11] The uniform procedure first suggested by the Statute of Wills[12] in 1540, and particularized by the Statute of Frauds, promoted the concept and use of the single testamentary document. The character of the will proceeding, furthermore, established the ecclesiastical courts—where no right to a jury trial existed—as the forum which oversaw probate, and the forum to which a contestant, challenging the validity of the instrument in toto, would first turn. The writ of devisavit vel non, its origins "lost in antiquity",[13] could be invoked only to determine the validity of an instrument solely devising realty, or to determine the validity of those specific aspects of an instrument devising both species of property, which dealt with realty. Restricted as such to realty issues in the Chancery court, devisavit vel non was thus increasingly es-

---

[10] Originally, the terms "will" and "testament" defined separate and distinct instruments, the former referring solely to the disposition of realty, the latter, of personalty. While the Statute of Frauds did not specifically require that the "will" and "testament" be combined into one general dispositional document, the similarity of the formalities required in each subsequent to the Statute allowed one document to suffice where two had previously been required. It was, therefore, not the mandate of the Statute, but the convenience and economy it allowed, which supported the continuing emergence of the single, written instrument: the "Last Will and Testament". See Atkinson at 20.

[11] Atkinson at 21.

[12] St. 32 Hen. VIII (1540), c. 1 (Am.Jur.2d Desk Book, Doc. No. 110 (1962)). The statute provided that qualifying, land-owning persons:

". . . from the twentieth day of July in the year of our Lord God 1540 shall have full and free liberty, power and authority to give, dispose, will and devise, as well as by his last will and testament in writing . . . all his manors, lands, tenements, or hereditaments, or any of them, at his free will and pleasure. . . ."

[13] In re Quein's Estate, 361 Pa. 133, 62 A.2d 909 (1949).

tranged both from the approach and forum for probate proceedings in English common law. As stated in Atkinson:

> ... [I]t seems that in the process of making all probate proceedings actions in rem to determine the validity of wills so far as they concern either realty or personalty, the legislature has created a right different from that asserted in the action of ejectment. ... .[14]

Id. § 100 at 534.

The procedures peculiar to the Chancery courts of England providing for jury trial did not guarantee a jury hearing in contests of testamentary instruments generally. Particularly, they did not countenance jury involvement in determining the validity of the common-law equivalent to the comtemporary will a single document, written, signed by the testator, and witnesses, purporting to both devise realty and dispose of personalty.

■■ Applicable only to realty, and originating in a bifurcated testamentary process which English common law as well as American law had largely supplanted with the single "last will *and* testament" by 1791, the writ of devisavit vel non cannot, therefore, be accurately analogized to the modern "will contest". Neither can its supplement in Chancery, the action of ejectment, be construed as anything but a distant precursor to a will contest, differing in form and effect from contest proceedings. The right to a jury trial guaranteed by these common-law procedures thus cannot be transplanted to the will contest procedure by the Seventh Amendment's guarantees; rather, the will contest must be regarded as one of those actions, generally equitable in nature, to which neither the Seventh Amendment nor any other constitutional provision attaches the right of jury trial. Cf. Usery v. Venango Diagnostic and Training Center, 72 F.R.D. 469 (W.D. Pa. 1976), citing Curtis v.

---

[14] Throughout the discussion in text concerning common-law entitlement to jury trial, Prof. Atkinson considers both the writ of devisavit vel non and the action of ejectment.

Loether, 415 U.S. 189 (1974). Though the right to a jury trial has been extended beyond those specific writs and actions extant at the incorporation of the Seventh Amendment in 1791, it was not intended to extend nor can this court allow it to extend to classes of cases where trial by jury had not previously existed. See Estate of Haines, 9 Ill. Dec. 291, 366 N.E.2d 548 (Ill. App. 1977).

Since this court cannot find sufficient analogy between the antique writ cited by contestants herein and their claim for relief it concurs with the weight of authority in concluding that no constitutional right of trial by jury exists in the present action.

■ Finally, the contestants have failed to direct us to any sound authority for their proposition that 5 V.I.C. App. IV, R. 193[15] was intended to expand the substantive rights of the parties and the court does not so find. Similarly, it is well settled that Rule 38 of the Federal Rules of Civil Procedure has no bearing on the right to a jury trial in suits in equity.[16]

Accordingly, the contestants demand for a jury trial must be and is hereby denied.

---

[15] Rule 193, Probate and Fiduciary Rules, in relevant part states as follows: "The contest shall be placed on the calendar and shall come on for hearing in the same manner as a civil action. . . ."

[16] In Ettelson v. Metropolitan Life Insurance Co., 137 F.2d 62 (3d Cir. 1943), the court stated: "Although under the Federal Rules of Civil Procedure claims and defenses formerly cognizable either at law or equity have been merged into one action, a civil action, the rules have neither enlarged nor diminished the right to either a jury or court trial . . . . Basic issues formerly triable as of right by a jury are still triable . . . . The same applies where the right previously existed to have an issue tried by the court."